CHISOLM *ET AL.* v. CAROLINA AGENCY CO. *ET AL.*

(118 S. E. 529)

1. CORPORATIONS—RESULT OF STOCKHOLDERS' ACTION FOR APPOINTMENT OF RECEIVER AND THAT ATTORNEYS PARTICIPATED IN ONE ALLOWANCE CONSIDERED IN FIXING ATTORNEYS' FEES.—In estimating the amount to be allowed as attorneys' fees in an action by minority stockholders for the appointment of a receiver for the corporation, it

should be taken into consideration that the action accomplished little except the appointment of the receiver, and that some of the attorneys in the action were attorneys in the corporation's action against its manager in default for a large amount, which action after the receiver's appointment was prosecuted by him, and that the same attorneys participated in a prior allowance of $3,850 as attorneys' fees, leaving only $10,000 for distribution among $128,000 of stock.

2. CORPORATIONS—ATTORNEYS SECURING APPOINTMENT OF RECEIVER, ETC., ENTITLED TO FEES OUT OF CORPORATE ASSETS.—Ordinarily, attorneys who secure the appointment of a receiver for a corporation and the distribution of its assets among creditors at the chancellor's discretion are entitled to a fee out of the funds realized.

Before TOWNSEND, J., Richland, June, 1920. Reversed and remanded.

Action by E. N. Chisolm and others, stockholders, against Carolina Agency Company and the Directors thereof. From an order allowing a fee to plaintiffs' attorneys, the defendants appeal. For former appeals in this case see 88 S. C., 438; 100 S. C., 51.

*Mr. D. W. Robinson,* for appellants, cites: *Decision in 88 S. C., 438, was on ex parte showing and not on the merits of the case:* 109 S. C., 284; 62 S. C., 220–1; 60 S. C., 568. *Hearing on affidavits would deprive parties of hearing in mode prescribed by law:* 54 S. C., 473. *If plaintiff could make proper showing they could have held the Directors responsible:* 81 S. C., 501; 53 S. C., 589–90. *To the extent of the entire loss, and an obstacle to the right to sue one, would not have prevented suit against the others:* 107 S. C., 31; 102 S. E., 515. *No authority in the Court to require a defendant to pay the counsel fees of a prevailing plaintiff, much less of an unsuccessful plaintiff:* 81 S. C., 500; 2 Machen Mod. Law Corp., Sec. 1186. *The fact that defendants afterward acquiesced in order does not affect the question:* 25 S. C., 502. *Attorneys fees will not be allowed out of a common fund belonging to others unless to a recognized and authorized representative of the*

*whole:* 21 S. C., 178–9; 24 S. C., 239–40; 25 S. C., 195–6, 200–2; 25 S. C., 501–3; 36 S. C., 25; 68 S. C., 218–19; 81 S. C., 499–501; 51 Fed., 60; 52 Fed., 680; 21 S. C., 1. *Amount allowed is unwarranted:* 2 Machen Mod. Law of Corp., Sec. 1186.

*Messrs. Nelson, Gettys & Mullins, Frank G. Tompkins* and *Adam H. Moss,* for respondents, cite: *Case distinguishable from* 25 S. C., 500; 21 S. C., 162.

August 1, 1922.   On reargument August 6, 1923.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This appeal is from an order of Judge Townsend, dated June 21, 1920, allowing a fee of $750.00, out of the funds of the corporation in the hands of the Receiver, to the attorneys of the plaintiffs, minority stockholders, "for their services in bringing this action and procuring the appointment of the receiver."

The question for determination is:   Were they under the circumstances of this litigation entitled thereto?

This necessitates a brief review of the facts and proceedings connected with a disastrous venture.

The Carolina Agency Company was chartered in 1907, for the purpose of taking over the general agency of a Georgia insurance company in South Carolina, which was controlled by one John Y. Garlington.   He was the moving spirit of the new corporation and by mismanagement completely wrecked it.   The details, found in *Carolina Agency Company v. Garlington,* 85 S. C., 114; 67 S. E., 225. *Chisolm v. Carolina Agency Company,* 88 S. C., 438; 70 S. E., 1035, and *Cobb v. Garlington,* 100 S. C., 51; 84 S. E., 302, will not be restated.

In 1909 the Carolina Agency Company brought suit against Garlington for $25,000.00, alleged to be due by him to the corporation and attached certain of his property.

An effort was made by him to dissolve the attachment, which failed, 85 S. C., 114; 67 S. E., 225, the opinion being filed March 5, 1910.

In the meantime, October, 1909, the plaintiffs, minority stockholders, instituted the present action for the appointment of a Receiver of the corporation, and in the same month an order was signed by Judge Memminger appointing a Receiver, which was affirmed 88 S. C., 438; 70 S. E., 1935, April 21, 1911.

Thereafter the Receiver prosecuted the action which had been begun by the corporation as above stated against Garlington, and recovered a judgment against. him for $25,000.00, which was affirmed, 100 S. C., 51; 84 S. E., 302, February 13, 1915.

The assets of the corporation at the time of the appointment of the Receiver were $400.72; paid in by Clark, $414.00; collected by the Receiver pending the Garlington litigation, $3,601.41; and the amount realized from the Garlington judgment, $10,264.13; total $13,865.54, available to meet liabilities, including capital stock, of $128,–691.57.

The attorneys for the corporation and for the Receiver were Messrs. F. G. Tompkins, Logan & Edmunds, and Nelson, Nelson & Gettys, in the litigation above referred to; the attorneys for the plaintiff in this action were Messrs. F. G. Tompkins, Adam H. Moss, and Nelson, Nelson & Gettys.

In April, 1919, Judge McIver signed an order allowing the attorneys first named, "for services to the receiver," $3,000.00, in addition to $200.00 theretofore paid, and associate counsel $150.00.

On June 21, 1920, Judge Townsend signed an order allowing to the attorneys for the plaintiffs in this action, "for their services in bringing this action and procuring the appointment of the Receiver," a fee of $750.00.

Under the cases of *Nimmons v. Stewart,* 13 S. C., 446; *Hand v. Ry. Co.,* 21 S. C., 162, and particularly *Buist v. Williams,* 81 S. C., 499; 62 S. E., 860, where it is declared, "It was, therefore, quite proper that the fee of Mr. H. F. Buist, who was the attorney who filed the complaint against the bank, asking for the appointment of a Receiver and the distribution of the assets among creditors, should be paid from the funds realized for the creditors before distribution among them," under ordinary circumstances the attorneys for the plaintiffs would be entitled to a fee out of the common fund, at the discretion of the Chancellor.

This case, however, presents exceptional circumstances The action resulting in the appointment of a Receiver accomplished nothing more than that. It embarked upon a vigorous campaign to bring the directors to book, but in results it did not add a dollar to the coffers of the corporation, and it is questionable whether or not it accomplished any good at all. Messrs. Tompkins and Nelson, Nelson & Gettys later represented the Receiver and participated in the division of $3,350.00 of fees out of an estate of $13,-865.54, which left about $10,000.00 for distribution among $128,000.00 of stock. Whether this was taken into consideration or not in fixing the $750.00 fee is not clear, but it should have been. The record does not show whether or not the other attorney for the plaintiffs, Mr. Moss, participated in that distribution. If he did not, he is entitled to a reasonable fee for his services in connection with this action.

The decree is reversed, and the case remanded to the Circuit Court for the determination of what would be a reasonable fee under the circumstances for the several attorneys for the plaintiffs limited to their services in bringing this action and procuring the appointment of a Receiver.

Messrs. Justices Watts and Fraser concur.

Mr. Chief Justice Gary disqualified.

## ON REARGUMENT

MR. JUSTICE COTHRAN: After reargument of this appeal heretofore ordered and had, the Court adheres to the opinion filed, and it is made the judgment of this Court.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS, FRASER and MARION concur.